IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY EUGENE SIMS, | § § | |
| Petitioner, | § § | |
| VS. | § § | Civil Action No. 3:03-CV-1618-P |
| DOUGLAS DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Gary Eugene Sims's July 23, 2009 motion to alter or amend pursuant to Rule 60(b)(6) is summarily dismissed as a successive habeas petition.

I

Sims was convicted of aggravated sexual assault with a deadly weapon and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Sims v. State*, No. 08-01-00121-CR, 2002 WL 1482389 (Tex. App. – El Paso, Jul. 11, 2002, pet ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Sims*, No. 55,495-02 (Tex. Crim. App. Jun. 18, 2003). Petitioner then filed a petition for federal habeas relief on June 26, 2003. In that action, Sims raised six grounds for relief, alleging that: (1) his conviction was the result of perjured testimony; (2) his conviction was due to prosecutorial misconduct; (3) favorable evidence, withheld by the prosecutor, would establish his innocence; (4) he was denied effective assistance of counsel; (5) the evidence was insufficient to support a deadly weapon finding; and

(6) extraneous offense evidence was improperly admitted during the punishment phase of the trial. Sims's application for habeas relief was denied. *See Sims v. Dretke*, No. 3:03-CV-1618-P, 2003 WL 22862795 (N.D. Tex. Dec. 2, 2003), *rec. adopted*, 2003 WL 23119161 (N.D. Tex. Dec. 30, 2003). An appeal of the habeas denial was dismissed on procedural grounds. *See Sims v. Dretke*, No. 04-10158 (5th Cir. Mar. 2, 2004). Sims was denied leave to file a successive habeas petition. *See In re Gary Eugene Sims*, No. 09-10480 (5th Cir. July 7, 2009). The Fifth Circuit explained that Sims's claims of ineffective assistance of appellate counsel, judicial error at trial, prosecutorial misconduct, and ineffective assistance of trial counsel were all discoverable at trial or, at the latest, when Sims's counsel filed an *Anders* brief on direct appeal in state court. *Id.* Now, Sims seeks relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure, claiming actual innocence due to: (1) ineffective assistance of state appellate counsel; (2) the improper admission of trial evidence; (3) prosecutorial misconduct; and (4) ineffective assistance of trial counsel. For the reasons set forth below, his motion is summarily dismissed as a successive habeas petition.

II

Under Rule 60(b), a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). The court may also set aside a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (*quoting Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The burden of establishing at least one of the

Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

However, it is well-settled in this circuit that "Rule 60(b) motions seeking to amend or alter the judgment of a first habeas proceeding 'should be construed as successive habeas petitions.'" *Hess*, 281 F.3d at 214 (*quoting Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999)). In the instant motion, Sims seeks to "alter or amend [the] final order [and] judgement [sic] in the above numbered civil action in the United States District Court for the Northern District of Texas, Dallas Division[.]" That is, Sims seeks relief under Rule 60(b)(6) in order to revisit the denial of his 2003 application for habeas relief. Insofar as the Fifth Circuit has denied leave to file a successive habeas petition, this Court is without jurisdiction to consider Sim's allegations, and summary dismissal is required. *See* 28 U.S.C. § 2244(b)(1).

Even if Sims's Rule 60(b) motion is not treated as a subsequent petition and summarily dismissed, petitioner has not shown he is entitled to relief. *See Hess*, 281 F.3d at 214-15 ("While nothing on their face suggests that Rule 60(b) motions are to be seen as anything other than successive petitions, we need not decide here whether there are no circumstances under which they would not be, because relief under Rule 60(b) is, in any event, unavailable to Hess"). Sims raises allegations of error that were either raised in his earlier state and federal habeas applications, or that were available to him on direct and collateral review. He has utterly failed to set forth any "extraordinary circumstances" to justify relief.

SO ORDERED.

DATED this 5th day of January, 2010.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE