IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY EUGENE SIMS § § Petitioner, § § VS. § § DOUGLAS DRETKE, Director, § Texas Department of Criminal Justice, § Correctional Institutions Division § § Respondent. § | Civil Action No. 3:03-CV-1618-P |

## MEMORANDUM OPINION AND ORDER

Before the court are petitioner Gary Eugene Sims's January 25, 2010 petition for panel rehearing pursuant to Federal Rule of Appellate Procedure 40 [Doc. #30] and January 29, 2010 motion for an evidentiary hearing [Doc. #31]. Both motions are DENIED.

I.

Sims was convicted of aggravated sexual assault with a deadly weapon and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Sims v. State*, No. 08-01-00121-CR, 2002 WL 1482389 (Tex. App. – El Paso, Jul. 11, 2002, pet ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Sims*, No. 55,495-02 (Tex. Crim. App. Jun. 18, 2003). Petitioner then filed a petition for federal habeas relief on June 26, 2003. Sims's application for habeas relief was denied. *See Sims v. Dretke*, No. 3:03-CV-1618-P, 2003 WL 22862795 (N.D. Tex. Dec. 2, 2003), *rec. adopted*, 2003 WL 23119161 (N.D. Tex. Dec. 30, 2003). An appeal of the habeas denial was dismissed on procedural grounds. *See Sims v. Dretke*, No. 04-10158 (5th Cir. Mar. 2, 2004). Sims was denied leave to file a successive habeas

petition. *See In re Gary Eugene Sims*, No. 09-10480 (5th Cir. July 7, 2009). The Fifth Circuit explained that Sims's claims of ineffective assistance of appellate counsel, judicial error at trial, prosecutorial misconduct, and ineffective assistance of trial counsel were all discoverable at trial or, at the latest, when Sims's counsel filed an *Anders* brief on direct appeal in state court. *Id.* Then, Sims sought relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure, claiming actual innocence due to: (1) ineffective assistance of state appellate counsel; (2) the improper admission of trial evidence; (3) prosecutorial misconduct; and (4) ineffective assistance of trial counsel. His motion was summarily dismissed as a successive habeas petition by order dated January 5, 2010. *See Sims v. Dretke*, No. 3:03-CV-1618-P, 2010 WL 45913 (N.D. Tex. Jan. 25, 2010). Now, Sims seeks reconsideration of that order and an evidentiary hearing.

II

Initially, this court observes that the Federal Rules of Appellate Procedure apply only to the United States courts of appeals. *See* FED. R. APP. P. 1. To the extent that Sims sought to file a motion for reconsideration, such motion is denied. The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Randolph v. Dimension Films*, 634 F. Supp.2d 779, 785-86 (S.D.Tex. 2009), *citing Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Id., citing Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). If a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.; see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *overruled on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069

(5th Cir. 1994). Here, petitioner has set forth no grounds to justify reconsideration under the Rule 60(b) standard. He simply rehashes the arguments that were submitted to the court in his previous Rule 60(b) motion. Accordingly, petitioner's motion for reconsideration is DENIED.

III.

Petitioner also files a motion for an evidentiary hearing, apparently pursuant to 28 U.S.C. § 2254(e)(2). Under 28 U.S.C. § 2254(e)(2), the court's ability to hold an evidentiary hearing to consider a petitioner's habeas petition is limited as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
>
> (A) the claim relies on-
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). However, an evidentiary hearing is not available to Sims. There is no pending habeas petition, because Sims was denied leave to file a successive habeas application. Accordingly, there is no proceeding for which an evidentiary hearing would apply. Sims's motion for an evidentiary hearing is DENIED.

IV.

Federal courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such

inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Accordingly, Sims is warned that if he files any future frivolous motions, the court may impose sanctions, including entering an order prohibiting him from filing any pleadings without prior authorization from a district or magistrate judge of this court. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008)

SO ORDERED.

Signed this 5th day of February 2010.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE